NO. 07-04-0512-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 24, 2005

_____

GUSTAVO RAMIREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B15012-0306; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

Pursuant to a guilty plea, appellant Gustavo Ramirez was convicted of burglary and punishment was assessed at two years in a state jail facility and a $600 fine, suspended for three years. After appellant's plea of true and presentation of evidence in support of the State's motion to revoke, the trial court revoked community supervision and imposed the

original sentence. Appellant filed a *pro se* notice of appeal. The clerk's record and reporter's record from the revocation hearing have both been filed. Appellant's brief was due to be filed on December 20, 2004, but has yet to be filed. Also, no motion for extension of time has been filed. By letter dated January 25, 2005, appellant was notified of the defect and also directed to either file his brief or a response by February 4, 2005. Appellant did not respond and the brief remains outstanding.

Therefore, we now abate this appeal, and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.    whether appellant desires to prosecute the appeal; and

2.    whether appellant is indigent and entitled to appointed counsel.

The trial court shall cause a hearing to be transcribed. Should it be determined that appellant does want to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of counsel. If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a

supplemental clerk's record.  A supplemental record of the hearing shall also be included in the appellate record.  Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, March 25, 2005.

It is so ordered.

Per Curiam

Do not publish.